Robertson, J.
The complaint is demurred to, for not stating facts sufficient to constitute a cause of action. The only-objection made is, that it does not allege that the defendants had express authority by their charter to make contracts of *600 insurance. The Revised Statutes, (part 1, ch. 18, tit. 3,) provide for -the general powers, privileges and liabilities of corporations. The first section of the title containing such provisions (2 R. S. 439, 5th ed.) prescribes that every corporation shall have certaifi enumerated' powers, which the next section provides shall vest in every corporation, although- not specified in its charter. The succeeding section (§ 3) provides that no corporation shall possess any powers except such as shall be necessary to the exercise of the powers given in its charter, or so enumerated. I do not find in these provisions any rule established that a corporation shall not be presumed to have any powers unless given in their -charters, or by public laws. A corporation, being an artificial person, is presumed capable of making every contract a natural person could make. The statute containing an exception that corporations shall have only certain powers, enumerated and given by their charters, the defendants must bring themselves within the exception. They have not done so here. The demurrer, therefore, was not well taken.
The demurrer appears to me to be put in solely for delay ; as the defendants Anew their powers; and the judgment must be absolute for the plaintiff; damages to be. assessed in the Usual manner.